■ SOHAYEGH ENTERPRISES CORP., Respondent, v JAMES B. GISONDI, Appellant. [29 NYS3d 791]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about October 6, 2015, which granted plaintiff's motion for partial summary judgment dismissing the fourteenth affirmative defense, and denied defendant's cross motion for summary judgment dismissing the complaint and for attorneys' fees, unanimously affirmed, without costs.

The term of the parties' exclusive brokerage agreement was 180 days, to be extended for a number of days equal to the number of days the property was under contract. The agreement did not state that "the term of the contract shall be deemed renewed for a specified additional period unless [defendant] . . . gives notice to [plaintiff] . . . of [his] intention to terminate the contract at the expiration of such term" (General Obligations Law § 5-903 [2]), and thus does not fall within the ambit of the statute. The term was tolled and thereby extended during the period the sale agreement with the third party was in effect. Further, because the duration of the agreement could be determined from the terms of the agreement, although it was not expressly or specifically stated, the agreement was not of "indefinite" duration and thus was not terminable at will (see Haines v City of New York, 41 NY2d 769, 772 [1977]). Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.